### MILLINGTON *v.* FOX.

#### (*Oneida County Court.* February 25, 1891.)

1. SUPPLEMENTARY PROCEEDINGS — PROPERTY SUBJECT TO EXECUTION — PROCEEDS OF LIF INSURANCE POLICY.

Creditors of a widow may subject to their claims the proceeds of a policy of insurance on the life of her husband, in her hands; and she is guilty of contempt in disposing of them in violation of an injunction order in supplementary proceedings. Disapproving *Leonard* v. *Clinton*, 26 Hun, 288, and *Austin* v. *McLaurin*, 1 N. Y. Supp. 209, and following *Crosby* v. *Stephan*, 32 Hun, 478.

2. SAME — PROCEEDS OF MORTGAGED CHATTELS.

Where mortgaged chattels, in the possession of the mortgagor, have been sold by her for her own use, with the consent of the mortgagee, who released them from the lien of the mortgage, the proceeds are not exempt from the claims of the mortgagor's other creditors; and she is guilty of a contempt in applying such proceeds to her own use, in violation of an injunction order in supplementary proceedings.

Motion by plaintiff, Philander Millington, to punish defendant, Emma Fox, for contempt for disposing of $650, her share of the proceeds of a policy of insurance upon her husband's life, and for disposing of a horse and two buggies, in violation of an injunction order in supplementary proceedings. The insurance policy was a policy for $5,000 upon the life of defendant's husband, Samuel H. Fox, payable to the defendant and her children in equal proportions. She testified that her share of the policy was $650. The policy was assigned to defendant's brother, Charles Buncher, during the life-time of the insured. The insured died December 20, 1888, and thereafter, and before the service of the injunction order, the proceeds of the insurance policy were paid to Charles Buncher. The injunction order was served upon defendant on the 25th day of May, 1889. The defendant testified in supplementary proceedings as follows: "On the 25th day of May, 1889, my brother held $650 of my money. The money had been paid by the company; paid at that time, in May. He held $650, Charles Buncher, of Detroit, did, subject to my order June 17, 1889. I will not swear I had received it. I think it was since my examination I received it from my brother. To-day (July 2, 1889) I swear I have received the $650. I received it about three weeks ago. I have used it for expenses of settling. I have spent it all, and have none undisposed of "

The horse and buggies disposed of were covered by a chattel mortgage given by Emma B. Fox to Charles Buncher bearing date of October 5, 1888, and filed in the town-clerk's office of the town of Vienna, payable one year after date. On the 27th day of May, 1889, defendant sold the horse for $160. May 30th the horse was released from the lien of the chattel mortgage by Buncher, and the purchase price was then paid. The buggies were sold subsequently, —one for $60, and one for $15. Defendant testified with the knowledge and consent of the mortgagee. None of these moneys were paid to Buncher, but were used by defendant, with the knowledge and consent of the mortgagee, for her own use.

*E. A. Rowland,* for plaintiff.   *James S. Sherman,* for defendant.

DUNMORE, Special Judge. It is claimed by plaintiff that the insurance policy in question was not assignable during the life of the insured, and that no title passed under the assignment to Buncher. Whether that be so or not, under all the evidence, we think it is clear that Buncher held these moneys for the benefit of the judgment debtor, and, as she has testified, subject to her order. The same was paid to her and used by her while the examination was pending. This was her share of the proceeds of the policy of insurance upon her husband's life. It is urged on the part of the defendant that the money is exempt from claims of creditors by reason of its being the proceeds of a policy of insurance upon the life of defendant's husband. *Leonard* v. *Clinton,* 26 Hun, 288; *Austin* v. *McLaurin,* 1 N. Y. Supp. 209, sustain that view. The reverse, however, is held in *Crosby* v. *Stephan,* 32 Hun, 478. We prefer to follow the latter authority. We therefore find that the defendant violated the injunction order in collecting and expending the $650 insurance money.

The horse and buggies disposed of by defendant were covered by a chattel mortgage dated October 5, 1888, given by defendant to Charles Buncher. It was payable one year from date. The injunction order was served on defendant May 25, 1889. On May 27, 1889, defendant sold the horse in question for $160, and subsequently, while these proceedings were pending, sold one buggy for $60, and another for $15. None of these moneys were applied upon the mortgage, but defendant used the money for her own use, with the knowledge and consent of the mortgagee. At the time of the sale of these articles the mortgage was not due, and the legal title was in defendant. The mortgagee never took possession of these articles under the mortgage. The mortgagee released the horse from the lien of the mortgage at the time of the sale or before payment. As the defendant was engaged in no trade or occupation, the property was not exempt. These facts make the sale by defendant a violation of the injunction order. The defendant, therefore, disposed of $885 in violation of the injunction order. The judgment was for $171.90, and was recovered March 3, 1889. As the defendant is a widow with minor children, we should have been very glad to have reached a different conclusion, but the question is one of law, and not of sympathy. We do not think, under the circumstances, we would be justified in imposing a fine of less than $200. The judgment creditor may prepare an order accordingly.